# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK COLLINS, an individual; and VETERANS 360, a California Corporation,<br><br>                    Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,<br><br>                    Defendant. | Case No.: 3:19-cv-00867-H-MSB<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>[Doc. No. 16.] |

On May 9, 2019, Plaintiffs Rick Collins and Veterans 360 ("Plaintiffs"), filed a complaint against Defendant United States Department of Veterans Affairs ("Defendant") asserting claims for trademark infringement. (Doc. No. 1.) On December 2, 2019, Plaintiffs filed a motion for preliminary injunction to enjoin Defendant from using "Vet360," "Veteran360," or "any other reproduction, counterfeit, copy, or colorable imitation of plaintiffs' registered trademark[s]." (Doc. No. 16.) On December 30, 2019, Defendant filed an opposition to Plaintiffs' motion (Doc. No. 17), and Plaintiffs filed a reply on January 6, 2020. (Doc. No. 18.) The Court held a hearing on the motion on January 13, 2020. Glenn W. Trost and Don Wenskay appeared for Plaintiffs and Scott Bolden and Rebecca G. Church appeared for Defendant. For the reasons below, the Court denies Plaintiffs' motion for a preliminary injunction without prejudice.

### Background

Plaintiff Rick Collins is a veteran who founded a non-profit organization, Veterans 360, in 2012. The organization provides counseling, advocacy, and mentorship to active

duty personnel, veterans, and their families. (Doc. No. 1 ¶ 5.) When forming this organization, Mr. Collins created the trademarks "Veterans 360" and "Vets 360" for use by his organization in providing support services to veterans. (Id. at ¶¶ 7–8.) Mr. Collins registered the "Veterans 360" mark on July 5, 2016 with the U.S. Patent and Trademark Office ("PTO"), Registration No. 4,991,432. (Doc. No. 16-6.) On January 15, 2019, Mr. Collins registered the "Vets 360" mark with the PTO, Registration No. 5,654,087. (Doc. No. 16-7.)

In April 2018, Defendant United States Department of Veteran Affairs rolled out a web-based platform to provide veteran's services, naming the platform "Veteran 360" and "Vet 360." (Id. ¶ 9; Doc. No. 17 at 6.) On May 26, 2018, Plaintiffs wrote a letter to Defendant to notify Defendant that it was infringing Plaintiffs' marks. (Doc. No. 16-8.) On June 26, 2018, Plaintiffs wrote a second letter to Defendant, informing Defendant of the alleged infringement. (Doc. No. 16-9.) On May 9, 2019, Plaintiffs filed the present action before this Court, alleging that Defendant ignored Plaintiffs' letters and continues to infringe their mark. (Doc. No. 1.)

**Discussion**

## I.    Legal Standards

A preliminary injunction is "an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008). "[P]laintiffs seeking a preliminary injunction face a difficult task in proving that they are entitled to this extraordinary remedy." Earth Island Inst. v. Carlton, 626 F.3d 462, 469 (9th Cir. 2010) (internal quotations omitted). A plaintiff seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 555 U.S. at 20.

## II.   Analysis

The Lanham Act, 15 U.S.C. § 1051 et seq., "creates a comprehensive framework for regulating the use of trademarks and protecting them against infringement, dilution, and

unfair competition." Gordon v. Drape Creative, Inc., 909 F.3d 257, 263 (9th Cir. 2018) (quoting Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc., 618 F.3d 1025, 1030 (9th Cir. 2010)). To show trademark infringement, Plaintiffs must prove: (1) that they have "a valid, protectable trademark" and (2) the "defendant's use of the mark is likely to cause confusion." Id. (quoting S. Cal. Darts Ass'n v. Zaffina, 762 F.3d 921, 929 (9th Cir. 2014)). Under the Lanham Act, the owner of a trademark used in commerce may register the mark with the PTO, and registration is prima facie evidence of the mark's validity and the owner's exclusive right to use the mark in connection with the goods and services specified in the registration. 15 U.S.C. § 1057(b). To determine whether another party's use of a mark is likely to cause confusion, the Court considers eight factors:

> (1) the strength of the mark; (2) the proximity of the goods; (3) the similarity of the marks; (4) evidence of actual confusion; (5) the marketing channels used; (6) the type of goods and the degree of care likely to be exercised by the purchaser; (7) the defendant's intent in selecting the mark; and (8) the likelihood of expansion of the product lines.

Gordon, 909 F.3d at 264 n.6 (internal citations omitted). Evidence that use of the marks "has already led to confusion is persuasive proof that future confusion is likely." La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V., 762 F.3d 867, 876 (9th Cir. 2014) (quoting AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 352 (9th Cir. 1979)).

### A.    Irreparable Harm

Plaintiffs argue that Defendant's alleged infringement constitutes irreparable harm because it harms Plaintiffs' ability to control their business reputation. (Doc. No. 16 at 8–9.) Defendant contends that Plaintiffs do not demonstrate irreparable harm because they have not offered objective evidence showing injury and because Plaintiffs did not diligently seek a preliminary injunction. (Doc. No. 17 at 5–7.) The Court commends Plaintiffs for their organization and the public services they provide. But at this stage of the litigation, the Court agrees that Plaintiffs have not offered sufficient evidence of irreparable harm.

A party seeking a preliminary injunction must establish that she is likely to suffer irreparable harm in the absence of the injunction. Winter, 555 U.S. at 20. To show

irreparable harm, a party must demonstrate that "legal remedies, such as money damages, are inadequate . . . ." Herb Reed Enterprises, LLC v. Fla. Entm't Mgmt., Inc., 736 F.3d 1239, 1250 (9th Cir. 2013).[1] "Purely economic harms are generally not irreparable, as money lost may be recovered later, in the ordinary course of litigation." Idaho v. Coeur d'Alene Tribe, 794 F.3d 1039, 1046 (9th Cir. 2015); see also Los Angeles Memorial Coliseum Comm'n v. NFL, 634 F2d 1197, 1202 (9th Cir. 1980) (denying a preliminary injunction because lost revenues, diminution of property value, and loss of substantial goodwill are all "monetary injuries which could be remedied by a damage award"). In a trademark suit, "loss of control over business reputation and damage to goodwill could constitute irreparable harm." Herb Reed Enterprises, 736 F.3d at 1250. But a party must demonstrate such loss through "concrete evidence in the record." Adidas Am., Inc. v. Skechers USA, Inc., 890 F.3d 747, 756 (9th Cir. 2018). The mere possibility of irreparable harm is insufficient. All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011); see also Goldie's Bookstore, Inc. v. Superior Court of State of Cal., 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not constitute irreparable injury.").

Plaintiffs provide important services to veterans in the community. But at this time in the litigation, Plaintiffs have not provided sufficient evidence that they will suffer irreparable harm absent a preliminary injunction. Plaintiffs offer declarations from three veterans testifying that Defendant's use of the mark caused them confusion. (Doc. Nos. 16-3, Reed Decl.; 16-4, Marks Decl.; 16-5, Tor Decl.) But evidence of confusion is not evidence of irreparable injury. Herb Reed Enterprises, 736 F.3d at 1250 ("This evidence, however, simply underscores customer confusion, not irreparable harm."). Thus, the three veterans' declarations do not offer evidence of harm to Plaintiffs' reputation or goodwill sufficient to establish irreparable injury. For example, none of these three witnesses state that they gained a negative impression of Plaintiffs' organization or would refuse to use

---

[1]    Additionally, courts in the Ninth Circuit no longer presume irreparable harm if a party shows a likelihood of success on the merits of a trademark infringement claim. Herb Reed Enterprises, LLC v. Fla. Entm't Mgmt., Inc., 736 F.3d 1239, 1249–51 (9th Cir. 2013).

Plaintiffs' services as a result of the confusion. (Doc. Nos. 16-3, Reed Decl.; 16-4, Marks Decl.; 16-5, Tor Decl.)

Plaintiffs also offer the declaration of Mr. Collins, the founder of the Veterans 360 non-profit organization and one of the Plaintiffs in this case. Mr. Collins states that Defendant's use of the allegedly infringing mark is harmful because of the poor reputation that Defendant has in the veteran community. (Doc. No. 16-1, Collins Decl. ¶¶ 7–9.) He asserts that Defendant's infringement causes veterans and service providers to believe that Plaintiffs are working with Defendant, which "makes those veterans and service-providers less likely to seek help from" Plaintiffs. (Doc. No. 16-1, Collins Decl. ¶ 9.) But Mr. Collins's statement that veterans and service providers are "less likely" to seek Plaintiffs' services is conclusory, and he provides no concrete evidence to support his assertion. See Am. Passage Media Corp. v. Cass Commc'ns, Inc., 750 F.2d 1470, 1473 (9th Cir. 1985) (no showing of irreparable harm where declarations from the plaintiff's own executives were "conclusory and without sufficient support in facts" and "[n]one of the advertisers say[] that [they] will discontinue business with [plaintiff]"). While declarations can provide evidence of lost goodwill sufficient to merit a preliminary injunction, they generally do so when supporting the claims of lost goodwill with reference to actual complaints arising from the alleged incidents of infringement. See Disney Enterprises, Inc. v. VidAngel, Inc., 869 F.3d 848, 865 (9th Cir. 2017) (sufficient evidence of irreparable harm where declaration by the company's vice president stated that defendant's conduct would damage the company's goodwill with licensees and that licensees had in fact "raised concerns" about unlicensed services like those of the defendant); Life Alert Emergency Response, Inc. v. LifeWatch, Inc., 601 F. App'x 469, 473–74 (9th Cir. 2015) (sufficient evidence of irreparable injury where employee submitted "declaration reporting numerous and persistent complaints from would-be customers"). Mr. Collins's declaration does not offer such evidence here.

Additionally, in the hearing on the motion for preliminary injunction, Defendant represented that it had ceased any future use of the marks "Veterans 360" or "Vets 360."

Defendant further stated that it had rebranded its web platform to "Veterans Profile" and that Defendant was in the process of phasing out its past uses of Plaintiffs' marks consistent with Defendant's duties under applicable federal records laws.[2] (See also Doc. No. 16-10 at 1) (representing that Defendant "will have transitioned away" from use of Plaintiffs' marks by December 31, 2019.) Since a preliminary injunction is "a device for preserving the status quo and preventing the irreparable loss of rights before judgment," Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984), the fact that Defendant is no longer using Plaintiffs' marks further supports the finding that Plaintiffs would not suffer irreparable harm in the absence of a preliminary injunction.

Accordingly, Plaintiffs have not offered sufficient evidence of the irreparable harm necessary to merit the extraordinary remedy of a preliminary injunction. Since Plaintiffs have failed to demonstrate irreparable harm, the Court need not address Defendant's remaining arguments or the remaining factors necessary for injunctive relief. See Amylin Pharm., Inc. v. Eli Lilly & Co., 456 F. App'x 676, 679 (9th Cir. 2011).

## Conclusion

For the foregoing reasons, the Court denies Plaintiffs' motion for a preliminary injunction without prejudice.

**IT IS SO ORDERED.**

DATED: January 13, 2020

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[2] Defendant's discontinued use of Plaintiffs' marks raises the possibility that the motion for a preliminary injunction might be moot. See Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013). However, a defendant "cannot automatically moot a case simply by ending its unlawful conduct once sued." Id. Rather, "a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 190 (2000). Since Defendant makes no argument that its behavior "could not reasonably be expected to recur," the Court has no basis to consider the case moot.